(97 Misc. Rep. 10)

## GOLDBERG v. MASSACHUSETTS BONDING & INS. CO.

(Supreme Court, Appellate Term, First Department.   October 25, 1916.)

INSURANCE ⚫═══288(1)—INSURANCE AGAINST THEFT—BREACH OF WARRANTY.

Where a policy insuring against theft contained in an annexed schedule warranty that assured had "no burglary insurance, and has made no application for such insurance," a clause in the policy itself, providing that "if assured carried other insurance the insurer should be liable only for its pro rata share of any loss," and assured had had a similar policy,

which had been recalled by the insurer under its absolute right, there was no breach of warranty by insured, as the warranty applied only to existing insurance, or any outstanding application for it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 660–669; Dec. Dig. ☞288(1).]

Appeal from City Court of New York, Trial Term.

Action by David Goldberg against the Massachusetts Bonding & Insurance Company. From a judgment for defendant, plaintiff appeals. Judgment reversed, and new trial granted.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Goldstein & Goldstein, of New York City (David Goldstein, of New York City, of counsel), for appellant.

Joseph L. Prager, of New York City, for respondent.

BIJUR, J. The action was brought for a loss by theft covered by a policy of insurance issued by the defendant. The verdict was directed on the ground that it appeared affirmatively that plaintiff had breached a warranty contained in the policy.

The only question involved on this appeal is the interpretation of the warranty. This warranty is contained in a "schedule" annexed to the policy, which schedule is a series of questions with the answers of the insured. The warranty reads:

"10. The assured has no burglary insurance, and has made no application for such insurance except as follows: None."

It developed on the trial that the assured had had a similar policy from another company, issued in March, 1913, which was recalled by the insurer (under its absolute right under the terms of the policy) on April 29, 1913. The policy in suit was issued June 14, 1913.

The error in respondent's contention consists in a failure to recognize the terms of the warranty.

In point 1 the respondent's counsel says:

"It being undisputed that plaintiff had made a previous application for insurance, it was clear that there was a breach of warranty." And further: "If the warranty here merely read that the assured had no other prior insurance, there might be some merit to the appellant's claim; but the warranty also stated that the assured had made no application for such insurance."

The terms of the warranty, however, do not expressly nor impliedly relate to prior insurance.

It seems quite plain to me that the inquiry was directed to ascertain whether the assured had any other existing insurance or had any outstanding application for such. This meaning was emphasized by a clause in the policy itself which provides:

"7. If the assured carry other insurance * * * the company shall be liable only for its pro rata share of any such loss."

In another connection, the respondent, in order to emphasize the claimed importance of this warranty, speaks of the "moral risk which the insurance companies have to consider and weigh." But it is plain

that this inquiry is not directed to the moral risk, and respondent's counsel accentuates that consideration by citing Wolowitch v. National Ins. Co., 152 App. Div. 14, 136 N. Y. Supp. 793, in which, as he says:

"The assured warranted that he had never been refused burglary insurance and had applied for none other than the policy in suit."

No inquiry like that indicated in the Wolowitch Case is contained in the warranty in the case at bar.

It does not require the application of the well-established principle (recognized in Rosenthal v. Am. Bonding Co., 207 N. Y. 162, 168, 169, 100 N. E. 716, 46 L. R. A. [N. S.] 561) that, the policy having been drawn by the defendant-respondent, its terms must be strictly construed as against it, to compel the inference that the terms of this warranty could not reasonably have been expected to suggest to the insured an inquiry as to prior insurance obtained by him which had either expired or been canceled or as to the applications therefor; and, indeed, its terms do not refer to such a contingency.

There having been, therefore, no breach of the warranty, as matter of law, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

(97 Misc. Rep. 1)

### COHEN v. ERIE R. CO.

(Supreme Court, Appellate Term, First Department.　October 25, 1916.)

1. CARRIERS ⊙⊐356(1)—EXPULSION OF PASSENGERS—FAILURE TO RETURN TICKET.

Where the regulations of a railroad required passengers holding excursion tickets to surrender the entire ticket to the conductor, such company was responsible for a conductor's neglect to return to a passenger the part of the ticket entitling him to the return trip, and was liable when the passenger was put off on the return trip by a second conductor, to whom he tendered the portion of the ticket returned him by the first.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423, 1426; Dec. Dig. ⊙⊐356(1).]

2. CARRIERS ⊙⊐383—EXPULSION OF PASSENGERS—CONTRIBUTORY NEGLIGENCE.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1492–1496; Dec. Dig. ⊙⊐383.]

Appeal from City Court of New York, Trial Term.