# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## November 17, 1916.

## THE PEOPLE v. TONY BRUNO.

(175 App. Div. 33.)

(1.) PRELIMINARY EXAMINATION BEFORE MAGISTRATE—PRESUMPTION THAT MAGISTRATE HAS PERFORMED HIS DUTY.

Where, upon the trial of a defendant, it is sought to admit in evidence the complaint or deposition made before a magistrate, it will be presumed that the magistrate did his duty in notifying the defendant at the preliminary examination that he had the right to cross-examine the witnesses.

(2.) SAME—DEFENDANT HAS RIGHT TO STRICT COMPLIANCE WITH STATUTE.

Where such a complaint or deposition is sought to be introduced to secure the conviction of the defendant, he has the right to insist upon a strict and even technical compliance with the conditions imposed by statute, making a deposition competent evidence against the defendant upon his trial upon an indictment found.

(3). SAME—TRIAL ON INDICTMENT FOR ATTEMPT TO COMMIT GRAND LARCENY —DEPOSITION BEFORE MAGISTRATE CHARGING DEFENDANT WITH ACTUAL TAKING AT ANOTHER TIME AND PLACE NOT ADMISSIBLE.

Upon the trial of a defendant indicted for an attempt to commit grand larceny, a deposition of the complainant given before the magistrate· charging the defendant with grand larceny in the actual taking of money from the complainant, at another·time and place, states a different crime· and is, therefore, inadmissable in evidence.

CLARKE, P. J., and SCOTT, J., dissented.

APPEAL by the defendant, Tony Bruno, from a judgment of the Court of General Sessions of the Peace in and for the County of New York, Part VI, rendered against him on the 24th day of November, 1915, convicting him of an attempt to commit grand larceny, and also from an order denying his motion for a new trial.

*Frank Hendrick,* for the appellant.

*Robert S. Johnstone,* for the respondent.

SMITH, J.:

The indictment charges that upon the 5th day of January, 1915, in the night time at the borough and county of New York, the defendant, " with force and arms, the sum of fifteen dollars in money, lawful money of the United States of America and of the value of fifteen dollars, and one check of the value of ten cents of the goods, chattels and personal property of one William Roberts on the person of the said William Roberts then and there being found, from the person of the said William Roberts then and there feloniously did attempt feloniously to steal, take and carry away, against the form of the statute in such case made and provided." Of this offense the defendant has been convicted, and from the judgment of conviction he here appeals.

One of the grounds upon which he challenges the conviction is the admission in evidence of the complaint made by said Roberts before the magistrate upon the sixth day of January, one day after the crime is alleged to have been committed. This deposition is claimed by the district attorney to have been admissible under section 8 of the Code of Criminal Procedure. In the 3d subdivision of that section it is provided that the defendant is entitled " to produce witnesses in his behalf, and to be confronted with the witnesses against him in the presence of the court, except that where the charge has been preliminarily examined before a magistrate, and the testimony reduced by him to the form of a deposition in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness * * * ." It does not appear that the defendant was notified at the preliminary examination that he had the right

to cross-examine the witness. It may be presumed, however, that the magistrate did his duty. He appeared without counsel, and, where such a deposition is sought to be introduced to secure his conviction, he has the right to insist upon a strict and even technical compliance with the conditions imposed by statute which make a deposition competent evidence against a defendant upon his trial upon an indictment found. The defendant denies the right of the People to read this deposition upon the ground that the crime with which he was charged before the magistrate was not the same crime charged in the indictment upon which he was being tried.

The complaint upon which the defendant was charged before the magistrate alleges that upon the 4th day of January, 1915, at the city of New York, the sum of fifteen dollars in money and one baggage check calling for a suit case containing clothes were feloniously taken and carried away from the person and possession of the deponent. The affidavit of said Roberts then proceeds: " and that this deponent has a probable cause to suspect, and does suspect, that the said property was feloniously taken, stolen and carried away by Tony Bruno (now here) for the following reasons, to wit, on said date about the hour of 9:45 P. M., while deponent and this defendant were in a saloon at Bowery and Pell street, the deponent did feel the defendant's hand in the rear left hip pocket of the trousers then and there worn by the deponent, whereupon the deponent did take hold of defendant's hand and pull the defendant's hand out of said pocket. At that time deponent did still have his money, but shortly thereafter the deponent discovered that his money had been feloniously taken, stolen and carried away from said left hip pocket, and that his Union book, containing a baggage check had been stolen from deponent's coat pocket. During this time the defendant was the only person close to the deponent, and when deponent began looking for his property, the defendant did hand and return to this deponent the

deponent's Union book, minus the deponent's baggage check. Thereafter the defendant followed the deponent to the street, and on the first landing of the Elevated stairs at Chatham square the defendant did place his hands in the four pockets of the trousers then and there worn by the deponent. Deponent is informed by Officer Rowan that he Officer Rowan did see this defendant placing his hands on the deponent's person."

It will be noticed that the crime for which the defendant has been convicted was the crime of attempted larceny at the elevated railroad station and upon the 5th day of January, 1915. On the other hand, it will be noted that the charge made before the magistrate was of grand larceny in the actual taking from the complainant Roberts of the said sum of fifteen dollars in the saloon at the corner of Bowery and Pell street upon the evening before. In the complaint before the magistrate the complainant Roberts swears that he missed the money before he left the saloon and before he went to the elevated railroad station. In the testimony of Roberts upon the trial he swears that he met the defendant between nine and ten, "when I lost the money." He further swears: "I felt his hand  *  *  * in my pocket; I shoved him; I didn't miss the money; about fifteen minutes afterwards the money was gone; and he was still standing alongside of me.  *  *  *  Q. What did you do with this defendant after you came down from the elevated station? A. The officer seen him then, and that is the time he went through me the second time, coming down the stairs; he thought I had more money." It is true that the actual taking of the money between nine and ten o'clock on the fourth of January and the attempt to go through the complainant's pockets in the early morning of the 5th of January were not far separated in point of time. Nevertheless, they are distinct crimes, and had the defendant been represented by counsel upon that preliminary examination upon the charge of actually having taken the money upon the night of the 4th of January in the saloon

he might well have been content .to let stand without cross-examination the testimony that in the early morning of the fifth the defendant attempted to go through the pockets of the complainant as evidence negativing the commission by the defendant of the crime of having actually taken the money the night before. It is further true that the act for which the defendant has here been found guilty of attempting larceny at the elevated railroad station was recited in the complainant's deposition before the magistrate, but it was there recited not as a crime to which the defendant was required to answer, but only as a ground of suspicion that the defendant was the one who committed the crime of taking the money the night before at the saloon. The crime with which defendant was charged before the magistrate was, therefore, a crime distinct from that upon which he has been convicted, and the deposition of the complainant given before the magistrate was, accordingly, improperly admitted as evidence, for which error the judgment of conviction must be reversed.

The judgment of conviction and the order appealed from are reversed and a new trial granted.

LAUGHLIN and PAGE, JJ., concurred; CLARKE, P. J., and SCOTT, J., dissented.

Judgment and order reversed and new trial granted. Order to be settled on notice.