# COURT OF APPEALS.

## May 28, 1918.

## THE PEOPLE v. HARRY FISHER.

### (223 N. Y. 459.)

PRACTICE—TRIAL—PRESUMPTION THAT ACTS OF AN OFFICIAL WERE REGULARLY AND LAWFULLY PERFORMED IN THE COURSE OF DUTY.

It is a general rule that an official is presumed to have proceeded regularly and when an official act has been done which can only be lawful and valid by the doing of certain preliminary acts, it will be presumed that those preliminary acts have also been done. The assumption that officials do their duty applies in criminal cases.

SAME—APPEAL—AN ORDER OF THE APPELLATE DIVISION REVERSING A CONVICTION FOR LARCENY ON QUESTION OF LAW ONLY, AND ORDERING A NEW TRIAL, IS A JUDGMENT AND APPEALABLE TO THE COURT OF APPEALS.

The defendant was convicted of grand larceny in the first degree. (Penal Law, § 1294, subd. 1.) The Appellate Division on appeal ordered that the judgment be reversed and a new trial granted, and that "the said reversal is solely for errors at law and not for errors or questions of fact or as a matter of discretion; this court having reviewed all questions of fact and found no error therein." The appeal to this court therefrom without giving a stipulation for judgment absolute against the appellant is authorized by section 519 of the Code of Criminal Procedure. Such an order and adjudication in a criminal case is in fact a judgment.

SAME—EVIDENCE—WHEN TESTIMONY TAKEN THROUGH AN INTERPRETER MAY BE READ IN EVIDENCE.

The defendant after his arrest being present in person and by counsel, the complainant was examined by a magistrate and his testimony taken by an official stenographer. At the time of the trial of the indictment the person whose testimony was, so taken was in Italy and his testimony was read in evidence as provided by sections 8 and 221b of the Code of Criminal Procedure. The defendant claims that such testimony was improperly received in evidence and the Appellate Division has sustained his contention. The objection as stated is "That we do not know whether the testimony was correct * * * and there is no foundation laid that there was an official interpreter or that anyone who interpreted on behalf of the people for the complainants" was sworn to interpret prop-

erly from Italian into English. *Held*, that the ruling of the court admitting the deposition of the complainant and refusing to strike out the evidence and to set aside the verdict on substantially the same ground was not erroneous.

SAME.

It was further urged "That introducing this testimony in evidence is a violation of a constitutional right of the defendant in not giving him a chance to be confronted by his accuser." This objection was overruled, and a motion to dismiss upon that ground property denied.

(People v. Fisher, —— App. Div. ——, reversed.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 8, 1918, reversing a judgment of the Court of General Sessions of the Peace in the county of New York, rendered upon a verdict convicting the defendant of the crime of grand larceny in the first degree, and granting a new trial.

The facts, so far as material, are stated in the opinion.

*Edward Swann, District Attorney* (*Robert C. Taylor* of counsel), for appellant.

The deposition was properly in evidence. (People v. Qualey, 210 N. Y. 202; People v. Bruno, 220 N. Y. 702, 175 App. Div. 33.) The trial court was bound to presume that all the proceedings in the Magistrate's Court had been regular. (Cowen & H. Notes to Phil. on Ev. [1839 ed.] 488, n. 376; Lawson, Pres. Ev. [2d ed.], 36; Wood Practice Ev. [2d ed.], § 66; Wigmore on Ev., § 2534; Reg. v. Bate, 11 Cox C. C. 686; People v. Stott, 42 Hun, 660, 5 N. Y. Crim. Rep. 61; People v. Bruno, 175 App. Div. 33.) The motion for a new trial was properly denied. (People ex rel. Jerome v. Ct. of General Sessions, 185 N. Y. 504; People v. Schmidt, 216 N. Y. 324; People v. Hovey, 30 Hun, 354; Herman v. Altman, 139 App. Div. 930; Boyd v. Boyd, 130 App. Div. 161; Brown v. Newell, 132 App. Div. 548.)

*K. Henry Rosenberg,* for respondent.

The People failed to establish the crime charged in the indictment, and the denial of the motion to acquit, to which an exception was taken, presented a question of law, which may be urged in this court, as a ground to affirm the order appealed from. (People v. Dorthy, 156 N. Y. 237, 30 N. Y. Crim. 330; Foster v. Bookwalter, 152 N. Y. 166; Durland v. Durland, 153 N. Y. 67; People v. Ledwon, 153 N. Y. 10, 11, Crim. 52; People v. Owens, 148 N. Y. 648, 12 N. Y. Crim. 62; People v. Bennett, 49 N. Y. 137.) The trial court erred in admitting the deposition of Anthony Tofano in evidence over the objection and exception of respondent. (People v. Ledwon, 153 N. Y. 10, 11 Crim. 52.)

CHASE, J.:

The defendant was convicted of grand larceny in the first degree. (Penal Law, sec. 1294, subd. 1.) He appealed from the judgment entered thereon to the Appellate Division, and that court "Ordered and adjudged that the judgment so appealed from be and the same is hereby reversed and a new trial granted; and the said reversal is solely for errors at law and not for errors or questions of fact or as a matter of discretion; this court having reviewed all questions of fact and found no error therein."

The appeal to this court therefrom without giving a stipulation that upon affirmance judgment absolute shall be rendered against the appellant is authorized by section 519 of the Code of Criminal Procedure. (People v. Damron, 212 N. Y. 256, 258, 31 N. Y. Crim. 528.) Such an order and adjudication in a criminal case is in fact a judgment. (People v. Canepi, 181 N. Y. 398, 403, 19 N. Y. Crim. 383.)

The defendant was arrested at or about the time of the alleged larceny and taken before a magistrate. Several days thereafter the defendant being present in person and by counsel, the complainant was examined by the magistrate and his

26

testimony taken by an official stenographer. At the time of the trial of the indictment the person whose testimony was so taken was in Italy and his testimony was read in evidence as provided by sections 8 and 221b of the Code of Criminal Procedure. The defendant claims that such testimony was improperly received in evidence and the Appellate Division has sustained his contention. Concededly, if the examination so taken was properly received in evidence, the judgment of the General Sessions convicting the defendant of the crime should be sustained.

Section 8 of the Code of Criminal Procedure provides that in a criminal action the defendant is entitled to produce witnesses in his behalf and to be confronted with the witnesses against him in the presence of the court except, among other cases, " Where the charge has been preliminarily examined before a magistrate, and the testimony reduced by him to the form of a deposition in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness."

Section 221b provides: "Upon any examination provided for in this chapter, by or before any police justice or magistrate by whom an official stenographer shall have been appointed, under provision of law therefor, stenographic minutes of the proceedings and of the examination, depositions of witnesses and statement of the defendant, if any, shall be taken by such stenographer, and such minutes, when so taken and when certified by the stenographer and by the justice or magistrate who held such examination, shall be regarded as actually taken down in writing by said justice or magistrate and subscribed by the witness or witnesses at such examination and by the defendant, and as fully complying with the requirements of this chapter in reference to the taking and subscribing of such examination, depositions and statement."

On the trial of the indictment the stenographer of the Magistrate's Court was sworn as a witness and testified to his official

capacity as a stenographer, and to his taking stenographic minutes of the testimony of the complainant. The record continues as follows:

" Q. Have you them with you? A. I have the original notes, yes.

" Q. I show you what purports to be a copy of the original notes, together with a certified copy or a copy with a certificate signed by you yourself and purporting to be signed by Magistrate Nolan, and I ask you if that is a correct copy? A. Yes, sir, it is written out by me personally.

" Q. It was written out from your notes? A. It was.

" Q. I ask you if that is your signature to the certificate? A. It is.

" Q. Are you acquainted with Magistrate Nolan? A. Yes.

" Q. And is that his signature? A. It is. [Offered in evidence. Objected to.]

" By the Court:

" Q. Was the defendant represented by counsel? A. At that time, yes, by Mr. Dittler.

" Q. Did the counsel cross-examine the witness Tofano? A. No, after the complainant's case was put in Mr. Dittler waived further examination.

" Q. He had the opportunity to examine? A. Yes.

" The Court: I will allow it.

" Mr. Dittler: I except to your Honor's ruling on the ground that People have not laid a foundation to show whether the complainant spoke the English language, and if the evidence was received through an interpreter I object to introducing of this evidence in the testimony upon the ground that we do not know whether the testimony was correct that the official stenographer signed here, and there is no foundation laid that there was an official interpreter, or that any one who interpreted on behalf of the People for the complainant, that the oath was administered to him that he will interpret properly from Italian into English.

" The Court: 'A recent amendment provides that when the official record is certified by the judge and stenographer, and the witness is proved to be present and an opportunity to cross-examine is shown, it may go in evidence. I will receive it. [Exception. Received and carked People's Exhibit A.] "

It appears that the witness was shown a copy of his original notes of the testimony taken by the magistrate, *together* with a certificate by him *and* by the magistrate. Each paper was identified and authenticated by him. The offer in evidence clearly includes all the papers shown to the witness, namely, the copy of the original notes, the certificate signed by the stenographer, and the certificate signed by the magistrate and they were received in evidence. There was no objection to the form or sufficiency of the certificates or that the stenographer's minutes were not proven to be a correct transcript of the testimony of the complainant. The objection to the evidence was general in form and in no way related to the certificates. It is only made specific in connection with the exception. The objection so stated is simply " That *we do not know whether* the testimony was correct * * * and there is no foundation laid that there was an official interpreter or that anyone who interpreted on behalf of the people for the complainants " was sworn to interpret properly from Italian into English.

The statement so made does not even deny that the interpreter was sworn.

It is a general rule that an official is presumed to have proceeded regularly, and when an official act has been done which can only be lawful and valid by the doing of certain preliminary acts, it will be presumed that those preliminary acts have also been done. (Greenleaf on Evidence [16th ed.] vol. 1, p. 135; Chamberlayne on The Modern Law of Evidence, § 1202a; People v. Bruno, 175 App. Div. 33; reversed in 220 N. Y. 702, but not on the question now under consideration; Anderson v. Erie R. R. Co., 223 N. Y. 277; Cowen & Hill's Notes [Ed. 1839], p. 488.)

The assumption that officials do their duty applies in criminal cases. (Chamberlayne on The Modern Law of Evidence, § 1202a; People v. Otto, 101 N. Y. 690; s. c., 4 N. Y. Crim. Rep. 149.)

The ruling of the court admitting the deposition of the complainant as stated above was not erroneous. At least there is no objection and exception that presents a question for review. A question of law in a criminal case prosecuted by indictment can be raised only by an exception. (People v. Huson, 187 N. Y. 97, 99.) After the receipt of the deposition counsel for the defendant further objected upon the ground " That introducing this testimony in evidence is a violation of a constitutional right of the defendant in not giving him a chance to be confronted by his accuser; that the preliminary hearing or whatever you may call it in the Magistrate's Court was simply an examination and the defendant's right to cross-examine was not determined in that court."

This objection was overruled and an exception was taken by the defendant. Such ruling of the court was not error. (People v. Qualey, 210 N. Y. 202; People v. Bruno, 220 N. Y. 702.)

The stenographer was then cross-examined and he stated that he did not think that the man who acted as the interpreter was the official interpreter of the court, and he was then asked if he knew whether the oath was administered to the interpreter for the complainant at the time of taking such testimony and he answered " I do not know." The statement of the witness did not change the presumption that the magistrate had performed his official duty. The deposition was then read. It contained the title of the case, date and other recitals immaterial at this time and then continued:

"Anthony Tofano the complainant called as a witness on behalf of the people, being duly sworn, testified as follows, through the official interpreter." It is unnecessary to further quote from the deposition. After the deposition was read the defendant made a motion to strike out the evidence "As incom-

petent, and immaterial and irrelevant and not binding upon this defendant as the defendant had no opportunity to be confronted by his accuser." The motion was denied and an exception taken. There was no error in such ruling.

At the close of the People's case the defendant made a motion to dismiss the indictment and asked the court to instruct the jury " To acquit upon the ground that the people have failed to make out a *prima facie* case against this defendant. There is absolutely no evidence to connect this defendant with the commission of any crime. The only evidence are minutes taken through an interpreter in the magistrate's court and the defendant did not have an opportunity to be confronted at this trial by his accuser, and subject that accuser to cross-examination, and the jury has had no opportunity to examine the demeanor of the complainant and see if he is telling the truth or not."

The motion was denied and exception taken. No evidence was presented by the defendant and the jury found him guilty as charged. A motion was then made to set aside the verdict upon the ground " That it is contrary to law and contrary to the evidence and against the law and against the weight of the evidence." Which motion was denied and an exception taken. Judgment against the defendant was thereupon pronounced.

Some days after the final judgment was entered a motion was made for a new trial upon the grounds:

1. That upon another trial the defendant can produce evidence such as if before received would probably have changed the verdict, and

2. That the verdict is contrary to law.

The only claim made on such motion was that the interpreter for the complainant was not at the time of taking his testimony sworn by the magistrate. The motion was denied. (People v. Fisher, 97 Misc. Rep. 10.)

We do not consider the affidavits filed on the motion for a new trial because they do not disclose any facts that can be considered on such a motion under sections 465 and 466 of the Code of

Criminal Procedure. (People ex rel. Jerome v. Court of General Sessions, 185 N. Y. 504; People v. Schmidt, 216 N. Y. 324.)

If at the time the complainant's testimony taken before the magistrate was offered in evidence the defendant claimed that the same should not be received by the court, he should have clearly stated any and every objection that he asserted against its admission, and if any of his objections related to matters not then appearing before the court, he should have asked to present proof of such matters preliminary to a ruling by the court, or if his objections were clearly stated and facts subsequently appeared on the trial showing that the evidence received subject to his objection ought not to have been received, he should upon his objections and the facts so subsequently appearing have moved to strike the evidence from the record.

We repeat that the Court of General Sessions did not on the record before us commit an error in receiving the minutes of the testimony of the complainant.

The judgment of the Appellate Division should be reversed and that of the Court of General Sessions affirmed.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur; McLAUGHLIN, J., dissents.

Judgment accordingly.