### (May 25, 1972)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. C. JAMES LOMBARDI, Appellant.— Judgment, Supreme Court, New York County, rendered March 10, 1971, after jury trial, convicting defendant of two counts of assault in the second degree (former Penal Law, § 242, subd. 2) involving one Kristin Diaz and Ilse Harder, respectively, and of one count of attempted assault in the second degree, affirmed. Originally indicted charged with kidnapping (3 counts), assault (8 counts), and rape (1 count), defendant was convicted of kidnapping (3 counts), assault (3 counts), and one count each of attempted rape and attempted assault. The charges stemmed from a scheme devised by defendant, a pharmacist, who, after ostensibly employing certain young women, would induce them to take a pill or pills whereby their resistance would be overcome. Thereafter they would be transported out to Long Island and there raped. This court affirmed the conviction (25 A D 2d 718, remittitur amd. 25 A D 2d 823-824). The Court of Appeals reversed and dismissed the kidnapping charges, concluding that the kidnapping statute was

not intended to cover a situation such as this where the asportation was incidental to the commission of another crime. On the remaining charges of which defendant stood convicted, a new trial was ordered because of the conduct of the trial prosecutor (20 N Y 2d 266). Prior to retrial a hearing was held to determine if the testimony of Kristin Diaz given at the original trial, and which involved rape, assault and kidnapping, should be read to the jury. Testimony was proffered by the victim's husband and her psychiatrist which persuaded the trial court that it would be dangerous to her health to testify again at another trial. Accordingly, the court ruled such testimony could be read. This the court had the power to do if the court were satisfied that the witness was "unable to attend by reason of his death, insanity, sickness or infirmity" (Code Crim. Pro., § 8, subd. 3, par. [d]). It cannot be said on this record that under no reasonable circumstances could the court possibly have been satisfied had Kristin Diaz been required to appear and testify in person that her mental and physical health would have been seriously jeopardized, if indeed a further and perhaps successful attempt at suicide would not result. It is doubtful there was anything in her testimony at the prior trial which could not have been repeated if she were present in person. At such trial she was subjected to extensive cross-examination seeking to undermine her credibility. That defense counsel at the trial from which result this appeal is taken, elected not to read the cross-examination, would not affect the admissibility of the direct examination. The strategy and conduct of the defense rested in the hands of able defense counsel, and it must be concluded that such course was adopted for reasons sufficient in his own sound judgment. Nor does *People* v. *English* (16 N Y 2d 719) mandate a contrary conclusion, for that case dealt with the corroboration required for conviction of a sex crime. Although a charge of rape or attempted rape might not be sustained, if the evidence would sustain other charges it should not be excluded (see *People* v. *Peters*, 26 N Y 2d 774). We agree with the dissent that that portion of the charge quoted was error. However, we do not conclude that it was prejudicial error for the reason that the charge must be read as a whole, and the context in which the quoted portion appears must be evaluated against the total charge. So considered, we conclude that the error did not prejudice the rights of the defendant. The charge, taken as a whole, fairly stated the law applicable to the case. We have considered the other grounds urged by defendant for reversal of the judgment below and find them without merit. The judgment is affirmed. Concur — Stevens, P. J., McNally and Capozzoli, JJ.; Nunez and Murphy, JJ., dissent in the following memorandum by Murphy, J.: After reversal of his original conviction because of the improper inclusion of kidnapping counts and the prejudicial and inflammatory comments of the trial prosecutor (*People* v. *Lombardi*, 20 N Y 2d 266), defendant was retried and convicted of two counts of assault in the second degree and one count of attempted assault in the second degree. He was acquitted of the charge of attempted rape and the jury disagreed with respect to a third assault count. Defendant, a Manhattan pharmacist who doubled as a travel agent, was prosecuted for alleged assaults on young women he lured into his employ and then induced to take pills in order to avert resistance to his sexual advances. One such victim he was convicted of assaulting (but acquitted of attempting to rape) testified at the first trial, but refused to testify at the second on the proffered ground that it would be detrimental to her health. A pretrial hearing was then held to determine whether this witness was suffering from such a sickness or infirmity as would permit her testimony at the first trial to be read in evidence.

(Code Crim. Pro., § 8, subd. 3, par. [d].) At such pretrial hearing, the witness' husband and her psychiatrist testified that although the witness (who taught college English on a regular basis) was under ordinary circumstances a rational and communicative individual with above-average intelligence, she could not cope with the prospect of testifying again concerning her experience with defendant; and allegedly reacted to such possibility with periods of anxiety and depression, outbreaks of skin rash, displays of hysteria and — in one instance — by attempting suicide. The psychiatrist diagnosed his patient's condition as a " masochistic character disorder " and opined that if called as a witness she would be unable to testify and would " just break down on the witness chair and get hysterical ". On cross-examination he declared that his entire file on this patient, whom he had seen approximately a hundred times, consisted of a small index card with her name and address and the diagnosis " masochistic character disorder " and that he had no other records of when he saw her or even the drugs prescribed. He testified that his treatment had never been related to this case and the facts of her testimony at the 1965 trial never came up in a major way but were mentioned only in passing. Over vigorous defense objection, the People's motion was granted and the prosecutor was permitted to read all the testimony of the witness which she had given at the first trial which included kidnapping and a completed rape for which the defendant was not now on trial. We believe this constituted error requiring reversal of the assault count involving this witness. The witness is an associate professor of English literature at a local university; obviously of superior intelligence and concededly rational, responsive and articulate under normal conditions. We can, of course, appreciate her anxiety and concern as she contemplated recounting the lurid details of her unpleasant experience with defendant. But another individual's liberty is here at stake and we must carefully balance the possible consequences of requiring the witness to testify against the potential prejudice to the defendant. Before granting the prosecutor's motion, the trial court should have first appointed an independent, impartial psychiatrist as requested by defendant's counsel or, at the very least, examined the witness himself *in camera*. In such connection, it is noted that the witness was never seen or heard in court and that although the trial court found the witness unable to testify, he nevertheless stated that it would be permissible to subpoena her if the defendant so desired; a contradiction which demonstrates that it could not have been " satisfactorily shown to the court that the witness [was] unable to attend by reason of * * * sickness or infirmity." (Code Crim. Pro., § 8, subd. 3, par. [d].) Respondent's contention that defendant's fundamental right to cross-examine a witness against him (*Pointer* v. *Texas*, 380 U. S. 400; *Smith* v. *Illinois*, 390 U. S. 129) is not abridged by the procedure adopted below begs the question. We recognize that under appropriate circumstances the prior testimony of an unavailable witness may be read into evidence at a subsequent trial. (See, e.g., *Mattox* v. *United States*, 156 U. S. 237, *Pointer* v. *Texas, supra, California* v. *Green*, 399 U. S. 149; *People* v. *Qualey*, 210 N. Y. 202; *People* v. *Fisher*, 223 N. Y. 459.) However, it must first be " satisfactorily shown to the court that the witness is unable to attend by reason of * * * sickness or infirmity " (Code Crim. Pro., § 8, subd. 3, par. [d]). In our opinion, no such satisfactory showing has here been made. Respondent attempts to minimize the consequences to defendant by noting that the witness was extensively cross-examined at the first trial and that no new crimes were charged in the second indictment. The first trial, however, involved the much more serious crimes of kidnapping

and rape and the cross-examination thereon was geared toward disproving those charges, rather than the lesser crimes of assault. Additionally, we believe that a new trial is mandated because of errors committed in the trial court's charge to the jury regarding the burden of proof and the presumption of innocence. After reviewing each of the four counts of the indictment, the trial court concluded by stating: " And if any of these elements is lacking, to your satisfaction beyond a reasonable doubt, it is equally your duty to acquit him " (or substantially similar language). Appropriate exception to this clearly erroneous charge was taken, but the error was not corrected. It is, of course, fundamental that a jury need not first find any element of a crime lacking " beyond a reasonable doubt " before considering an aquittal. Although the trial court elsewhere correctly charged as to the burden of proof, we are not prepared to say that the cumulative effect of this repeated error was not confusing to the jury and prejudicial to the defendant. Accordingly, the judgment should be reversed and a new trial ordered.