■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CECIL STEED, Also Known as SALAHUDIN RAHIM, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered July 9, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, in part, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Ordered that the judgment is affirmed.

The hearing court determined that certain statements made by the defendant should be suppressed because they were obtained prior to the administration of *Miranda* warnings. The defendant contends, therefore, that subsequent statements, though given after he was warned of his constitutional rights, must also be suppressed *(see, People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112). However, the record demonstrates that the post-*Miranda* statements were not the product of a continuous interrogation *(cf., People v Bethea, supra; People v Chapple, supra).* To the contrary, although both statements were elicited by the same police officer, approximately four hours elapsed between the time at which each statement was made, during which time no interrogation occurred. Thus, assuming, arguendo, that the initial statements were elicited in violation of the defendant's constitutional rights, there was "such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple, supra,* at 115; *see also, People v Mahoney,* 122 AD2d 815, *lv denied* 68 NY2d 1002). Accordingly, suppression of the post-*Miranda* statements was properly denied.

Following the determination of the motion to suppress, the defendant pleaded guilty to manslaughter in the first degree and admitted that, with intent to cause serious physical injury, he had caused the death of the victim by shooting him with a gun. Thereafter, during the preparation of the presentence report, the defendant apparently denied that he had actually fired the fatal shot. However, at the time of the sentencing, the defendant did not move to withdraw his plea or otherwise renew his purported claim of innocence. Thus, the defendant's contention that the court should have made *further* inquiry regarding his belated denial of guilt and given him an opportunity to move to withdraw his plea is not preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636).

Finally, we perceive no basis for modification of the sentence *(see, People v Kazepis,* 101 AD2d 816). Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.