◼ THE PEOPLE OF THE STATE NEW YORK, Respondent, v RICARDO BICET, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered September 4, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant asserts that his conviction must be reversed because the two interpreters who translated the complainant's testimony from Spanish to English were not sworn to interpret properly. We disagree. Although an interpreter must be sworn to interpret properly and accurately (see, e.g., People v Fisher, 223 NY 459), on appeal the presumption of regularity allows a court to assume that an official or person acting under an oath of office will not do anything contrary to his or her official duty or omit to do anything which his or her official duty requires to be done. The defendant has failed to come forward with any affirmative evidence of unlawful or irregular conduct to rebut this presumption (see, Richardson, Evidence § 72 [Prince 10th ed]; People v Richetti, 302 NY 290; People v Fisher, supra; Culp v City of New York, 146 App Div 326; see also, People v Delgado, 10 Ill App 3d 33, 294 NE2d 84). In this respect, we note that there was evidence that the defendant, a native of Cuba who had lived in the United States for 10 years, understood and spoke both English and Spanish. However, the defendant made no complaint as to the accuracy of the interpreters' translations.

Lastly, we find that the defendant's sentence was not excessive (see, People v Alicea, 99 AD2d 815; People v Suitte, 90 AD2d 80). Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.