■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON TINSLEY, Appellant. [820 NYS2d 305]—Appeals by the defendant from two judgments of the County Court, Westchester County (Zambelli, J.), both rendered July 20, 2004, convicting him of manslaughter in the first degree under indictment No. 03-01077 and criminal sale of a controlled substance in the third degree under indictment No. 03-01559, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant failed to preserve his contention that his pleas of guilty were invalid (see People v Clarke, 93 NY2d 904, 905 [1999]; People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Thomas, 262 AD2d 588, 589 [1999]). In any event, the record demonstrates that the defendant's pleas of guilty were knowing, voluntary, and intelligent (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Harris, 61 NY2d 9, 17 [1983]).

The defendant's contention that, in light of his assertions of innocence in the presentence investigation report, the court should have conducted a further inquiry before imposing sentence is unpreserved for appellate review (see People v Pellegrino, supra; People v Steed, 133 AD2d 433, 434 [1987]). In any event, the defendant's post-plea assertions of innocence do not warrant vacating his pleas (see People v Dixon, 29 NY2d 55, 57 [1971]; People v Eaton, 14 AD3d 577 [2005]; People v Richardson, 13 AD3d 561 [2004]).

Based on this record, defense counsel's statements at sentencing did not amount to ineffective assistance of counsel (cf. People v Caple, 279 AD2d 635 [2001]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.