THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABEL RIVERA, Appellant. [826 NYS2d 299]—

Appeals by the defendant from two judgments of the County Court, Orange County (Rosenwasser, J.), both rendered December 16, 2004, convicting him of criminal possession of a controlled substance in the third degree under indictment No. 04-00575, upon his plea of guilty, and imposing sentence, and criminal sale of a controlled substance in the third degree and conspiracy in the second degree under indictment No. 04-00594, upon his plea of guilty, and sentencing him, inter alia, to an indeterminate term of 6 to 18 years imprisonment for conspiracy in the second degree under indictment No. 04-00594.

Ordered that the judgment under indictment No. 04-00575 is affirmed; and it is further,

Ordered that the judgment under indictment No. 04-00594 is modified, on the law and as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of conspiracy in the second degree from an indeterminate term of 6 to 18 years imprisonment to an indeterminate term of 4 to 12 years imprisonment; as so modified, the judgment under indictment No. 04-00594 is affirmed.

The defendant's contention that he was deprived of due process by the failure of the interpreter to file an oath of public office and be sworn to interpret truthfully and accurately is based partially on a matter dehors the record which cannot be reviewed on direct appeal (*cf. People v Dallas,* 31 AD3d 573 [2006]). To the extent that the contention can be reviewed, it is without merit (*see People v Bicet,* 180 AD2d 692, 693 [1992]; *People v Torres,* 96 AD2d 604 [1983]).

The defendant's contention that his pleas of guilty were coerced by the prosecution's promise of leniency for his wife is unpreserved for appellate review, since he did not move to withdraw his pleas on that basis, or otherwise raise this issue before the court of first instance (*see People v Clarke,* 93 NY2d 904, 906 [1999]; *People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Coles,* 240 AD2d 419 [1997]). In any event, the record belies the defendant's claim of coercion. During the plea allocution, the defendant acknowledged, inter alia, that he was pleading guilty because he was in fact guilty, that no one forced, threatened, coerced, or pressured him to plead guilty, and that he was pleading guilty of his own free will.

The defendant's contention that he was denied the effective assistance of counsel because his attorney failed to advise him of the potential immigration consequences of his plea is dehors the record and not properly before this Court.

We agree with the defendant that the sentencing court erred in imposing a sentence on his conviction of conspiracy in the second degree which was greater than the sentence promised at the plea proceeding (*see People v Pagan,* 245 AD2d 533 [1997]; *People v Jones,* 168 AD2d 471 [1990]; *People v Outlaw,* 157 AD2d 677 [1990]). Accordingly, we reduce the sentence imposed for the conviction of conspiracy in the second degree to conform with the plea agreement. Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.