■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER COOPER, Appellant. [823 NYS2d 917]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 30, 2005, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the court should have conducted a further inquiry at sentencing in light of his assertion of innocence in the presentence investigation report is unpreserved for appellate review (*see People v Pellegrino,* 60 NY2d 636 [1983]; *People v Tinsley,* 32 AD3d 447 [2006]; *People v Steed,* 133 AD2d 433 [1987]). The rare case exception to the preservation requirement is inapplicable (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Mead,* 27 AD3d 767, 767-768 [2006]). In any event, the record demonstrates that the defendant's plea of guilty was valid (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Lewis,* 61 NY2d 9, 17).

The defendant's claim that the court erred in failing to, sua sponte, order an examination to determine if he had a clear head and understood the plea proceeding is without merit (*see People v Ramirez,* 29 AD3d 1022 [2006]; *People v Pryor,* 11 AD3d 565, 566 [2004]; *People v Gomez,* 256 AD2d 356 [1998]; *People v Rowley,* 222 AD2d 718 [1995]).

It is unnecessary to review the defendant's challenge to his waiver of his right to appeal since the issues raised on this appeal would not have been foreclosed from review by a valid waiver of right to appeal (*cf. People v Stewart,* 30 AD3d 624 [2006]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.