■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE MODESTO, Appellant. [835 NYS2d 220]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July 5, 2006, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he did not have the assistance of an interpreter is belied by the record, which reflects the presence of a Spanish interpreter who participated in the plea proceedings. The defendant's further claim that he was deprived of due process by the interpreter's alleged failure to file an oath of public office is based on matter dehors the record and cannot be reviewed on direct appeal (*see People v Rivera*, 33 AD3d 942 [2006]). To the extent that the defendant complains that the interpreter did not swear to translate truthfully and accurately, his contention is without merit (*see People v Rivera, supra; People v Bicet*, 180 AD2d 692, 693 [1992]; *People v Torres*, 96 AD2d 604 [1983]).

The defendant's contention that his post-plea statement appearing in the presentence investigation report required the court to conduct a further inquiry before accepting his plea is unpreserved for appellate review (*see People v Pellegrino*, 60 NY2d 636 [1983]; *People v Cooper*, 34 AD3d 827 [2006]). In any event, his post-plea assertions do not warrant vacatur of his plea of guilty (*see People v Tinsley*, 32 AD3d 447 [2006]).

The defendant's remaining contention has been rendered academic. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.