■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHEED S. JAMES, Appellant. [910 NYS2d 671]—Appeals by the defendant from three judgments of the County Court, Dutchess County (Dolan, J.), all rendered November 19, 2009, convicting him of assault in the second degree under superior court information No. 200/09, attempted robbery in the second degree under superior court information No. 117/09, and robbery in the third degree under superior court information No. 198/09, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that his pleas of guilty were not knowing, intelligent, and voluntary is unpreserved for appellate review since he failed to move to withdraw his pleas of guilty or to vacate the judgments of conviction (*see People v Budden*, 77 AD3d 672 [2d Dept 2010]; *People v Patel*, 74 AD3d 1098 [2010], *lv denied* 15 NY3d 854 [2010]). The narrow exception to the preservation rule, which arises when the defendant's plea recitation of the facts underlying the crime casts significant doubt on the defendant's guilt or otherwise calls into question the voluntariness of the pleas (*see People v Lopez*, 71 NY2d 662, 666 [1988]), is inapplicable in this case. In any event, the record of the plea proceeding establishes that the defendant's pleas of guilty were entered knowingly, intelligently, and voluntarily (*see People v Garcia*, 92 NY2d 869, 870-871 [1998]; *People v Fiume-freddo*, 82 NY2d 536, 543 [1993]).

The County Court providently exercised its discretion in denying the defendant's request for youthful offender treatment (*see* CPL 720.20 [1]; *People v Casey*, 33 AD3d 929 [2006]; *People v Greene*, 13 AD3d 647, 648 [2004]; *People v Wallace*, 246 AD2d 676 [1998]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.