# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

80

KA 10-00244

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JEFFREY F. FASO, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JEFFREY F. FASO, DEFENDANT-APPELLANT PRO SE.

---

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered January 7, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Defendant's contention that County Court erred in failing to offer him the opportunity to withdraw his guilty plea prior to enhancing the sentence is not preserved for our review (*see People v VanDeViver*, 56 AD3d 1118, *lv denied* 11 NY3d 931, 12 NY3d 788; *People v Perry*, 252 AD2d 990, *lv denied* 92 NY2d 929). In any event, that contention lacks merit. Defendant violated the plea agreement by failing to comply with the conditions thereof, and thus the court "was no longer bound by the plea promise and could properly impose an enhanced sentence" (*People v Figgins*, 87 NY2d 840, 841; *see VanDeViver*, 56 AD3d 1118; *see also People v Gibson*, 52 AD3d 1227). Defendant's further contention that his plea was not knowingly, intelligently and voluntarily entered is actually a challenge to the factual sufficiency of the plea allocution (*see People v Bullock*, 78 AD3d 1697). That challenge is not preserved for our review (*see People v Broadwater*, 69 AD3d 643, *lv denied* 14 NY3d 798), and it does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666). In any event, that challenge is without merit inasmuch as the plea allocution was not rendered factually insufficient by defendant's monosyllabic responses to the court's inquiries (*see People v Morris*, 78 AD3d 1613).

Defendant failed to preserve for our review his contention in his main and pro se supplemental briefs that the court was required to conduct a hearing with respect to the amount of restitution inasmuch

as he neither requested such a hearing nor objected to the amount of restitution at sentencing (*see People v Wright*, 79 AD3d 1789; *see generally People v Horne*, 97 NY2d 404, 414 n 3).  In any event, defendant waived that contention because he stipulated to the amount of restitution (*see Wright*, 79 AD3d 1789).  To the extent that defendant's contention in his main brief that he was denied effective assistance of counsel survives the plea (*see People v Santos*, 37 AD3d 1141, *lv denied* 8 NY3d 950), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404).  The sentence is not unduly harsh or severe.  Finally, defendant's contention in his pro se supplemental brief that the People failed to honor the executed plea agreement involves matters outside the record on appeal and thus is not properly before us (*see generally People v Egan*, 6 AD3d 1206, *lv denied* 3 NY3d 639).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court