THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMELL GIBSON, Also Known as JERMELL GIBSON, Appellant. [931 NYS2d 530]—

Where the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution, at sentencing the defendant should be "given an opportunity either to withdraw his plea or to accept the enhanced sentence that included both restitution and a prison sentence" (*People v Ortega*, 61 AD3d 705, 706 [2009]; *see People v Kegel*, 55 AD3d 625 [2008]; *People v Henderson*, 44 AD3d 873, 874 [2007]). Here, although the plea minutes do not indicate that the defendant's plea of guilty was negotiated with terms that included restitution, at sentencing, after being given an opportunity to withdraw his plea, the defendant decided to accept the enhanced sentence that included both restitution and a prison sentence. Accordingly, the defendant waived his contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered into because he was not advised of the terms of restitution prior to entering his plea (*see People v Ahmed*, 66 NY2d

307, 311 [1985]; *People v Faso*, 82 AD3d 1584, 1585 [2011]; *People v Lugo*, 191 AD2d 648 [1993]).

By pleading guilty, the defendant forfeited his claim of ineffective assistance of counsel to the extent that it does not directly involve the plea bargaining process (*see People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Harris*, 79 AD3d 1069, 1070-1071 [2010]; *People v Patel*, 74 AD3d 1098, 1099 [2010]). To the extent that the claim can be reviewed on this appeal, the record reveals that the defendant was provided with effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Since the defendant pleaded guilty with the understanding that he would receive the prison sentence which was thereafter actually imposed, he has no basis to now complain that the sentence imposed was excessive (*see People v Gantt*, 85 AD3d 815 [2011]; *People v Tate*, 84 AD3d 1416, 1417 [2011]; *People v Kazepis*, 101 AD2d 816 [1984]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.