Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered September 15, 2009, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
*936 The defendant’s contention that the County Court should have conducted a further inquiry before imposing sentence, based upon certain post-plea assertions made by him, is unpreserved for appellate review (see People v James, 78 AD3d 965 [2010]; People v Modesto, 39 AD3d 567 [2007]; People v Cooper, 34 AD3d 827 [2006]; People v Tinsley, 32 AD3d 447 [2006]). Moreover, the rare exception to the preservation requirement is not applicable (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Modesto, 39 AD3d at 567; People v Cooper, 34 AD3d at 827). In any event, the defendant’s assertions do not warrant vacating his plea (see People v Modesto, 39 AD3d at 567; People v Cooper, 34 AD3d at 827; People v Tinsley, 32 AD3d 447 [2006]).
The defendant’s valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Watt, 82 AD3d 912 [2011]; People v Aguayo, 73 AD3d 938, 939 [2010]). To the extent the defendant claims that the alleged ineffective assistance affected the voluntariness of his plea, the record reveals that he received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Watt, 82 AD3d at 912-913).
The defendant’s valid waiver of his right to appeal also precludes appellate review of his claim that the sentence imposed was excessive (see People v Benitez, 84 AD3d 826, 827 [2011]). Mastro, J.E, Skelos, Chambers and Sgroi, JJ., concur.