Where the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution, at sentencing, the defendant should be given an opportunity either to withdraw his plea or to accept the addition of restitution to his negotiated sentence (see People v Ortega, 61 AD3d 705, 706 [2009]; People v Kegel, 55 AD3d 625 [2008]; People v Henderson, 44 AD3d 873, 874 [2007]). Here, although the plea minutes do not indicate that the defendant’s plea of guilty was negotiated with terms that included restitution, at sentencing, the defendant expressly indicated on the record that he wanted to pay even more than the amount of restitution requested. Accordingly, the defendant waived his contention that his guilty plea should be vacated because he was not advised of the terms of restitution prior to entering his plea (see People v Gibson, 88 AD3d 1012, 1012-1013 [2011]; People v Faso, 82 AD3d 1584, 1585 [2011]; People v Lugo, 191 AD2d 648 [1993]).
The defendant’s contention that the County Court failed to inquire about a potential intoxication defense based upon certain post-plea assertions made by him is unpreserved for appellate review (see People v Modesto, 39 AD3d 567 [2007]; People v Harrell, 288 AD2d 489 [2001]; People v Sierra, 256 AD2d 598, 599 [1998]). Moreover, the rare case exception to the preservation requirement is not applicable (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Modesto, 39 AD3d at 567; People v Cooper, 34 AD3d 827 [2006]). In any event, the defendant’s assertions do not warrant vacating his plea (see People v Dixon, 29 NY2d 55, 57 [1971]; People v Gibson, 95 AD3d 1033, 1033-1034 [2012]; People v Dazzo, 92 AD3d 796 [2012]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.