THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KLEIN, Appellant. [970 NYS2d 75]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered April 5, 2011, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"Where the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution, at sentencing, the defendant should be given an opportunity either to withdraw his plea or to accept the addition of restitution to his negotiated sentence" (*People v Keenum*, 101 AD3d 1045, 1045 [2012]; *see People v Poznanski*, 105 AD3d 775 [2013]; *People v Ortega*, 61 AD3d 705, 706 [2009]). On appeal, the defendant contends that the record of the plea proceeding does not indicate that he agreed to an order directing the payment of restitution to the complainant or to the amount of the fine that was ultimately imposed. However, the record of the sentencing proceeding establishes that, at the outset of the proceeding, he expressly agreed to the fine and restitution components of the sentence and requested that they be imposed by civil judgment. Accordingly, the defendant waived his contention that his plea of guilty should be vacated because he was not advised of the terms of his fine and restitution prior to entering his plea (*see People v Keenum*, 101 AD3d at 1045; *cf. People v Gibson*, 88 AD3d 1012 [2011]).

The defendant's contention that he did not receive the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *cf. People v Modica*, 64 NY2d

828, 829 [1985]). Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.