■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DOUGHERTY, Appellant. [993 NYS2d 774]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Ambro, J.), rendered February 7, 2013, convicting him of robbery in the first degree (four counts), attempted robbery in the first degree, and attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Where the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution, the defendant should be given an opportunity at sentencing either to withdraw his plea or to accept the addition of restitution to his negotiated sentence (*see People v Klein*, 108 AD3d 780 [2013]; *People v Poznanski*, 105 AD3d 775 [2013]; *People v Keenum*, 101 AD3d 1045 [2012]). Here, although the plea minutes do not indicate that the defendant's plea of guilty was negotiated with terms that included restitution, at the outset of the sentencing proceeding, the defendant expressly agreed to the restitution component of his sentence. Furthermore, after being given an opportunity to withdraw his plea, the defendant consented to the amount of restitution set by the Supreme Court. Accordingly, the defendant waived his contentions that his plea of guilty was not knowingly, voluntarily, and intelligently entered, and that the court was required to conduct a hearing pursuant to Penal Law § 60.27 (2) (*see People v Klein*, 108 AD3d at 780; *People v Gibson*, 88 AD3d 1012 [2011]; *People v Lugo*, 191 AD2d 648 [1993]).

The defendant's valid waiver of his right to appeal precludes review of his contention that the term of imprisonment imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248, 255-256 [2006]). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.