■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SIMMONS, Also Known as JOHN ANTHONY SIMMONS, Appellant. [19 NYS3d 756]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered March 27, 2013, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea was rendered involuntary because the prosecutor rather than the County Court indicated at the plea proceeding that the defendant's sentence would include restitution. Contrary to the defendant's contention, the County Court did not improperly delegate its authority to the prosecutor when the prosecutor, acting in the County Court's presence and under its supervision, indicated at the plea proceeding that the defendant's plea of guilty was negotiated with terms that included restitution (*see People v Bethune*, 91 AD3d 966, 967 [2012]; *cf. People v Gibson*, 88 AD3d 1012 [2011]). In any event, at sentencing, the defendant consented to the restitution component of the sentence and the amount of

restitution, thereby waiving any contention that the plea of guilty was involuntarily made (*see People v Dougherty*, 121 AD3d 1011, 1012 [2014]; *People v Klein*, 108 AD3d 780 [2013]; *People v Gibson*, 88 AD3d 1012 [2011]).

Additionally, the County Court was authorized to impose an amount of restitution in excess of $15,000 for the defendant's felony conviction, since the defendant consented to that amount and because the amount in excess of $15,000 represented "reimbursement for medical expenses actually incurred by the victim prior to sentencing as a result of the offense committed by the defendant" (Penal Law § 60.27 [5] [b]; *see People v Kim*, 91 NY2d 407, 410 n [1998]). Moreover, the amount of restitution was not excessive (*see People v Brown*, 234 AD2d 312, 313 [1996]).

The defendant's contention that he was denied the effective assistance of counsel at sentencing is without merit. The defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's challenged conduct (*see People v Flores*, 84 NY2d 184, 185-186 [1994]; *People v Rivera*, 71 NY2d 705, 709 [1988]).

The defendant's remaining contentions are either unpreserved for appellate review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Consalvo*, 89 NY2d 140, 145-146 [1996]; *People v Morrishill*, 127 AD3d 993, 994 [2015]; *People v Jones*, 113 AD3d 635, 635-636 [2014]; *People v Woods*, 110 AD3d 748 [2013]) or without merit (*see* Penal Law § 60.27 [2]). Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.