■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL JARAMA, Appellant. [42 NYS3d 854]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Foley, J.), imposed September 16, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Sanders*, 25 NY3d 337 [2015]; *People v Bradshaw*, 18 NY3d 257 [2011]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Yammie*, 134 AD3d 864 [2015]). Eng, P.J., Hall, Cohen, LaSalle and Connolly, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGYEI KWABENA, Appellant. [42 NYS3d 849]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered March 21, 2014, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court should have conducted a limited inquiry before imposing sentence in light of his assertions of innocence in the presentence investigation report (*see People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v White*, 137 AD2d 859 [1988]) is unpreserved for appellate review, as he failed to move to withdraw his plea prior to the imposition of sentence (*see People v Keenum*, 101 AD3d 1045 [2012]; *People v Ropiza*, 100 AD3d 935 [2012]; *People v Modesto*, 39 AD3d 567 [2007]; *People v Cooper*, 34 AD3d 827 [2006]; *People v Tinsley*, 32 AD3d 447 [2006]; *People v Steed*, 133 AD2d 433, 434 [1987]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.