◼ In the Matter of ANGELO GARGANO, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.— Proceeding pursuant to CPLR article 78 to review an order dated February 11, 1985, which, after an administrative appeal process, reinstated an order dated September 26, 1984, which, after a hearing, had revoked the petitioner's driver's license.

Petition granted, orders dated February 11, 1985 and September 26, 1984, respectively, annulled, on the law, with costs, and charge dismissed.

By order of revocation, dated September 26, 1984, the petitioner's driver's license was revoked after a hearing before an Administrative Law Judge due to his refusal to submit to a chemical test to determine the alcoholic content of his blood, in violation of Vehicle and Traffic Law § 1194. That order was

superseded during an administrative appeal process, and upon the Administrative Law Judge's determination, was reinstated by the order dated February 11, 1985. In the instant proceeding, challenging the revocation orders, the petitioner claims, *inter alia,* that he was not given adequate warning, as required by Vehicle and Traffic Law § 1194, concerning the consequences of a refusal to submit to the chemical test. At the hearing, the officer, who gave the warning to the petitioner, testified that he had initially administered the statutory warning to the petitioner by reading from a card which indicated, in pertinent part, that a refusal to submit to the test would "result in the immediate suspension and subsequent revocation" of the petitioner's license, whether or not he was found guilty of the charge for which he was arrested *(see,* Vehicle and Traffic Law § 1194 [2]). However, in his brief and on oral argument, the respondent's attorney conceded that after this initial statement by the officer, the officer thereafter, in explaining the meaning of the warning to the petitioner, incorrectly stated as follows: "I told him that his license would be suspended for three months and that he would have to appear at a DMV hearing in fifteen days". This later "explanation" of the warning was clearly incorrect, and under the circumstances, violated the requirement that the petitioner be warned "in clear or unequivocal language" of the serious and immediate consequences of a refusal to submit to a chemical test *(see,* Vehicle and Traffic Law § 1194 [2], [3] [a] [3]; *cf. People v Philbert,* 110 Misc 2d 1042).

Accordingly, the revocation orders must be annulled. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.