■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL KOSTKA, Appellant. [741 NYS2d 53] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dachenhausen, J., at plea; Perone, J., at sentencing),

rendered May 22, 1998, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

In 1976 the defendant pleaded guilty to burglary in the second degree. A sentencing hearing was scheduled for early 1977, but the defendant failed to appear on the sentencing date, and was not apprehended until 1998. At the 1998 sentencing hearing, the court expressed its intention to impose an enhanced sentence because the defendant had absconded, thus violating a condition of the plea agreement. Upon the defendant's inquiry, however, it was determined that the minutes of the plea hearing were no longer available, and thus it could not be determined whether the defendant had, in fact, been warned of the consequences of failing to appear at the sentencing hearing.

As a result, the defendant moved to withdraw his plea of guilty on the basis that there was no evidence that he had been warned of the consequences of his failure to appear at sentencing, and argued that imposition of an enhanced sentence was therefore improper. The court denied the motion on the ground that the People would be severely prejudiced by the extensive delay. Moreover, the court refused to impose the promised sentence of 1½ to 4½ years, and instead imposed an enhanced sentence of three to nine years' imprisonment.

As a general rule, if a court is unwilling or unable to sentence a defendant in accordance with a promise made as part of a plea bargain, the court must afford the defendant the opportunity to withdraw the plea and proceed to trial, or impose the promised sentence (*see People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). Under the circumstances, the trial court providently exercised its discretion in denying the defendant's motion to withdraw the plea and go to trial, since the People have been irreparably prejudiced by the inordinate passage of time (*see* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520; *People v Michael,* 190 AD2d 758). The trial court was, however, constrained to impose the promised sentence (*see People v Selikoff, supra*). Accordingly, the matter is remitted to the Supreme Court, Westchester County, for resentencing. Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.