■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SMITH, Appellant. (Appeal No. 1.) [764 NYS2d 732] —Appeal from a judgment of Erie County Court (Drury, J.), entered January 3, 2001, convicting defendant upon his plea of guilty of, inter alia, driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated as a class E felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2] [a]) and unauthorized use of a vehicle in the second degree (Penal Law § 165.06). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated as a class D felony (Vehicle and Traffic Law § 1192

[3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]). As part of the plea agreement, defendant waived his right to appeal, and, in accordance with the plea agreement, he was sentenced to concurrent indeterminate terms of imprisonment, the longest of which is 2⅓ to 7 years. County Court also imposed fines of $1,500 and surcharges of $155 on each indictment.

The record establishes that defendant voluntarily, knowingly and intelligently waived his right to appeal (*see People v Hidalgo*, 91 NY2d 733, 736 [1998]). The waivers encompass defendant's contention that the sentences imposed on the convictions in both appeals are unduly harsh or severe (*see People v Lococo*, 92 NY2d 825 [1998]). The waivers also encompass the further contention of defendant that the court abused its discretion in failing to grant his motion to defer payment of the surcharges. In any event, defendant failed to establish that he suffered any hardships different from those of other indigent inmates (*see People v Kistner*, 291 AD2d 856 [2002]).

Defendant failed to preserve for our review his contention that the court erred in imposing fines in addition to sentencing him to a period of imprisonment (*see* CPL 470.05 [2]). Defendant did not object to the imposition of fines at sentencing, nor did he move to withdraw his pleas or to vacate the judgment of conviction. With respect to appeal No. 2, however, the court erred in imposing a $1,000 fine on the count of driving while intoxicated as a class D felony. Vehicle and Traffic Law § 1193 (1) (c) (ii) provides that a person convicted of driving while intoxicated as a class D felony "shall be punished by a fine of not less than two thousand dollars nor more than ten thousand dollars or by a period of imprisonment as provided in the penal law, or by both *such* fine and imprisonment" (emphasis added). The court therefore had the authority to impose a fine on defendant and to sentence him to a period of imprisonment, but was required to impose a minimum fine of $2,000 if it chose to impose any fine. Consequently, we modify the judgment in appeal No. 2 by vacating the sentence imposed on the count of driving while intoxicated as a class D felony, and we remit the matter to Erie County Court for resentencing on that count. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.