■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. JIMERSON, Appellant. (Appeal No. 1.) [786 NYS2d 754]— Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 14, 2002. The court revoked defendant's probation and sentenced defendant to a term of incarceration.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. JIMERSON, Appellant. (Appeal No. 2.) [788 NYS2d 526]— Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 14, 2002. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a felony and aggravated unlicenced operation of a motor vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for resentencing.

Memorandum: In appeal No. 1, defendant appeals from a judgment entered upon his admission that he violated the terms and conditions of his probation, revoking his probation and resentencing him to a term of incarceration of one to three years on the underlying conviction of driving while intoxicated as a class E felony (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [i]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of driving while intoxicated as a class D felony (§ 1192 [2]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2] [a] [ii]) and sentencing him to a term of incarceration of $1^{1}/_{2}$ to $4^{1}/_{2}$ years (to be served consecutively with the sentence imposed in appeal No. 1), a $1,000 fine on the count of driving while intoxicated and a $500 fine on the count of aggravated unlicensed operation.

The contention of defendant that the sentences are unduly harsh or severe is encompassed by his general waiver of the

right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). With respect to the sentence in appeal No. 2, however, County Court erred in imposing a fine of less than the statutory minimum amount of $2,000 on the count of driving while intoxicated (*see* Vehicle and Traffic Law § 1193 [1] [c] [ii]; *People v Smith*, 309 AD2d 1282, 1283 [2003]). Similarly, on the count of aggravated unlicensed operation, the sentence of the court must be a fine of not less than $500 nor more than $1,000 *and* a term of imprisonment of not less than seven days nor more than 180 days, or a sentence of probation or a term of imprisonment as a condition of a sentence of probation (*see* Vehicle and Traffic Law § 511 [2] [b]). Here, the court imposed a $500 fine without imposing a term of imprisonment or a sentence of probation. We therefore modify the judgment in appeal No. 2 by vacating the sentence, and we remit the matter to County Court for resentencing. Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.