■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SUDBRINK, Appellant. [825 NYS2d 762]—

Appeal by the defendant, by permission, from an order of the County Court, Nassau County (LaPera, J.), dated October 28, 2002, which (a) denied his motion pursuant to CPL 440.10 to

vacate a judgment of the same court rendered February 7, 2001 convicting him of operating a motor vehicle while under the influence of drugs and aggravated unlicensed operation of a motor vehicle in the second degree, upon his plea of guilty, and imposing sentence, and (b) denied his motion pursuant to CPL 440.20 to vacate the sentence imposed.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPL 440.20 to vacate that portion of his sentence which imposed a $1,000 fine upon him for operating a motor vehicle while under the influence of drugs and substituting therefor a provision granting that branch of that motion and vacating that portion of the sentence; as so modified, the order is affirmed.

As the People correctly concede, the County Court erred in imposing a $1,000 fine upon the defendant for operating a motor vehicle while under the influence of drugs as a class D felony. Pursuant to Vehicle and Traffic Law § 1193 (1) (c) (ii), the court had the authority to impose a fine ranging from a minimum of $2,000 to a maximum of $10,000. While imposition of a fine is optional, the court "was required to impose a fine of $2,000 if it chose to impose any fine" (*People v Smith,* 309 AD2d 1282, 1283 [2003]; *see People v Jimerson,* 13 AD3d 1140 [2004]; *People v Gemboys,* 270 AD2d 847 [2000]). Accordingly, the court should have granted that branch of the defendant's motion pursuant to CPL 440.20 which was to vacate so much of the sentence as imposed the $1,000 fine.

The $500 fine which the court imposed upon the defendant for aggravated unlicensed operation of a motor vehicle in the second degree comported with Vehicle and Traffic Law § 511 (2), which provides that when a person is convicted of this offense, the sentence of the court must include "a fine of not less than five hundred dollars." Although the defendant alleges that he was not informed he would be subject to a fine upon his conviction of this offense, he indicates in his appellate brief that he does not wish to withdraw his plea. Under these circumstances, we find no basis to vacate or modify the sentence imposed upon the defendant for aggravated unlicensed operation of a motor vehicle in the second degree, which lawfully included the minimum statutory fine (*see People v Sauer,* 8 AD3d 302 [2004]). Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.