■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROSSETTI, Appellant. [865 NYS2d 318]—

Appeal by the defendant from a judgment of the County Court, Putnam County (R.E. Miller, J.), rendered January 5, 2005, convicting him of assault in the first degree and driving while intoxicated, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to County Court, Putnam County, for further proceedings consistent herewith.

The defendant pleaded guilty to assault in the first degree and driving while intoxicated in exchange for, inter alia, promised concurrent sentences of 10 years' imprisonment and $2^{1}/_{3}$ to 7 years' imprisonment, respectively. At sentencing, the County Court imposed a fine of $10,000 on the defendant's plea of guilty to the crime of driving while intoxicated. On appeal, the defendant argues that the court erred in enhancing his sentence with a fine that was not part of his plea agreement without affording him the opportunity to withdraw his plea. The People correctly concede this was error. The County Court erred in enhancing the defendant's sentence with a fine that was not part of his negotiated plea (*see People v Sudbrink,* 35 AD3d 635 [2006]; *People v Sauer,* 8 AD3d 302 [2004]; *People v Fulton,* 238 AD2d 439 [1997]; *People v McKane,* 227 AD2d 503 [1996]). Accordingly, the defendant's sentence must be vacated and the matter remitted to the County Court, Putnam County, for further proceedings consistent herewith. Since the imposition of a fine is discretionary, not mandatory (*see* Vehicle and Traffic Law § 1193 [1] [c] [ii]; *People v Sudbrink,* 35 AD3d 635 [2006]), we do not limit the remedy upon remittitur to affording the defendant an opportunity to withdraw his plea. Rather, the County Court may, in the exercise of its discretion, either impose the sentence bargained for (i.e., vacate the fine) or afford the defendant an opportunity to withdraw his plea (*see People v Selikoff,* 35 NY2d 227 [1974]; *People v Nugent,* 31 AD3d 976

[2006]; *People v Kostka*, 292 AD2d 634 [2002]; *People v Elliot*, 204 AD2d 565 [1994]).

In his supplemental pro se brief, the defendant also argues that he was denied the effective assistance of counsel. The defendant's waiver of his right to appeal precludes appellate review of his contentions that he was denied effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Perez*, 51 AD3d 1043 [2008]). Here, the only contention regarding the voluntariness of the defendant's plea is defense counsel's alleged failure to object to the enhanced sentence. However, review of the record reveals that defense counsel did, in fact, object to the enhanced sentence. Otherwise, the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397 [1995]; *People v Boodhoo*, 191 AD2d 448 [1993]). Thus, the defendant was not denied the effective assistance of counsel.

The defendant's remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.