Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered January 25, 2011, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that his plea was not knowingly, voluntarily, and intelligently entered, and that he was not informed, at the time he entered his plea, of the specific amount of restitution that he would have to pay. Although these contentions survive the defendant’s otherwise valid waiver of the right to appeal (see People v Alonzo, 90 AD3d 1065 [2011]; People v Isaacs, 71 AD3d 1161 [2010]), they are unpreserved for appellate review (see CPL 220.60 [3]; 470.05 [2]; People v Toxey, 86 NY2d 725, 726 [1995]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Bunn, 79 AD3d 1143 [2010]). With respect to the defendant’s contention concerning restitution, at the plea proceeding, the defendant was informed that his sentence would include restitution, the amount of which would be determined by the probation department, and, at the outset of the sentencing proceeding, he was made aware of the specific amount of restitution to be imposed. Since the defendant did not move to withdraw his plea of guilty or object before sentence was imposed, he failed to preserve for appellate review his contention that no specific amount of restitution was included in the terms of his plea agreement (see People v Murray, 15 NY3d 725, 726-727 [2010]). In any event, the defendant’s contentions are without merit. Dillon, J.E, Hall, Roman and Cohen, JJ., concur.