Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Condon, J), rendered July 11, 2011, convicting him of robbery in the third degree (four counts), reckless endangerment in the first degree, and resisting arrest, upon his plea of guilty, and imposing sentence, including restitution in the sum of $2,000.
Ordered that the judgment is affirmed.
Where a sentencing court considers imposing a sentence that includes restitution, and the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution, the defendant should be given an opportunity at sentencing either to withdraw his plea or to accept the addition of restitution to his negotiated sentence (see People v Gibson, 88 AD3d 1012 [2011]; People v Ortega, 61 AD3d 705, 706 [2009]; People v Kegel, 55 AD3d 625 [2008]; People v Henderson, 44 AD3d 873, 874 [2007]). Here, although the defendant’s plea of guilty was negotiated with terms that did not include restitution, at sentencing, the defendant objected to three out of the four restitution orders signed by the Supreme Court, but raised no objection with respect to the fourth restitution order in favor of the victim in the sum of $2,000 under count 20 of the indictment. The court thereafter directed the defendant to pay only the sum of $2,000 pursuant to the restitution order in favor of the victim under count 20 of the indictment. Accordingly, the defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered into because he was not advised of the terms of restitution prior to entering his plea of guilty is unpreserved for appellate review (see CPL 220.60 [3]; People v Murray, 15 NY3d 725, 726-727 [2010]), and we decline to reach it in the exercise of our interest of justice jurisdiction (cf. People v Bruno, 73 AD3d 941, 942 [2010]). Dillon, J.P, Hall, Roman and Cohen, JJ., concur.