THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAN POZNANSKI, Appellant. [962 NYS2d 639]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Robbins, J.), rendered July 16, 2007, convicting him of burglary in the first degree (two counts), upon his plea of guilty, and imposing sentence, including a direction that the defendant pay restitution in the sum of $570.50.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings in accordance herewith.

The defendant challenges the factual sufficiency of his plea allocution. Contrary to the People's contention, the defendant's waiver of his right to appeal was not valid (*see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]) and, therefore, the purported waiver does not bar review of the defendant's claim. Nevertheless, the defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Jones*, 73 AD3d 1386, 1387 [2010]; *People v Williams*, 70 AD3d 1059, 1060 [2010]; *People v Kelly*, 50 AD3d 921 [2008]). Moreover, contrary to the defendant's contention, the narrow "rare case" exception to the preservation rule does not apply herein (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Morgan*, 84 AD3d 1594 [2011]).

However, the County Court improperly directed the defendant to pay restitution in the sum of $570.50. Although a court is free to reserve the right to order restitution as part of a plea agreement, the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution. Accordingly, at sentencing, the defendant should have been "given an opportunity either to withdraw his plea or to accept the enhanced sentence that included both restitution and a prison sentence" (*People v Ortega*, 61 AD3d 705, 706 [2009]; *see People v Suarez*, 103 AD3d 673 [2013]; *People v Esquivel*, 100 AD3d 652 [2012], *lv denied* 20 NY3d 1011 [2013]; *People v Gibson*, 88 AD3d 1012 [2011]; *People v Kegel*, 55 AD3d 625 [2008]; *People v Henderson*, 44 AD3d 873, 874 [2007]) or for the court to impose the agreed-upon sentence.

Accordingly, we vacate the sentence imposed, and remit the matter to the County Court, Nassau County, to allow the County Court to (1) impose the sentence promised to the defendant at the plea proceeding, (2) afford the defendant the opportunity to accept the previously imposed sentence, including the direction that he pay restitution in the sum of $570.50, or (3), in the absence of either of those results, permit the defendant to withdraw his plea of guilty (*see People v Sosa-Rodriguez*, 63 AD3d 861, 863 [2009]).

In light of our determination, we need not address the defendant's remaining contention, raised in his pro se supplemental brief. Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.