■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW PETTRESS, Appellant. [970 NYS2d 466]—

Appeals by the defendant from three judgments of the County Court, Suffolk County (Condon, J.), all rendered April 11, 2011, convicting him of (1) attempted grand larceny in the third degree under indictment No. 94-10, (2) conspiracy in the fifth degree, criminal possession of a forged instrument in the second degree (three counts), identity theft in the first degree (two counts), and grand larceny in the third degree (two counts) under indictment No. 1171-10, and (3) conspiracy in the fifth degree, attempted identity theft in the first degree, and attempted grand larceny in the third degree under superior court information No. 1891-10, upon his pleas of guilty, and imposing sentences, including directions that the defendant pay restitution in certain specified sums.

Ordered that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

The defendant contends that his pleas and sentences should be vacated because the County Court failed to advise him at the time he entered his pleas of guilty that his sentences would include restitution. At the sentencing proceeding, the defendant did not have a sufficient opportunity to object to the imposition of restitution. The court made a brief reference to "RJOs," apparently referring to restitution judgment orders. After pronouncing the sentence, the court stated: "With respect to any and all surcharges, given the fact there's significant restitution judgment order obligations here, I'm going to waive the surcharges." Under these circumstances, the defendant's contention will be addressed on the merits (*see People v McAlpin*, 17 NY3d 936, 938 [2011]; *cf. People v Murray*, 15 NY3d 725, 726-727 [2010]).

Although a court is free to reserve the right to order restitu-

tion as part of a plea bargain, the plea minutes in this case do not indicate that the pleas of guilty were negotiated with terms that included restitution (*see People v Poznanski*, 105 AD3d 775, 776 [2013], *lv denied* 21 NY3d 1008 [2013]; *People v Suarez*, 103 AD3d 673 [2013]; *People v Ortega*, 61 AD3d 705, 706 [2009]; *People v Kegel*, 55 AD3d 625 [2008]; *People v Henderson*, 44 AD3d 873, 873-874 [2007]). At sentencing, the defendant should have been "given an opportunity either to withdraw his plea[s] or to accept the enhanced sentence[s] that included both restitution and a prison sentence" (*People v Ortega*, 61 AD3d at 706; *see People v Poznanski*, 105 AD3d at 776; *People v Suarez*, 103 AD3d at 673; *People v Esquivel*, 100 AD3d 652 [2012]; *People v Gibson*, 88 AD3d 1012 [2011]), or for the court to impose the sentences agreed upon at the plea proceedings.

Accordingly, we vacate the sentences imposed, and remit the matter to the County Court, Suffolk County, to allow the County Court to (1) impose the sentences promised to the defendant at the plea proceedings, (2) afford the defendant the opportunity to accept the previously imposed sentences, including the directions that he pay restitution in the specified sums, or (3), in the absence of either of those results, permit the defendant to withdraw his pleas of guilty (*see People v Poznanski*, 105 AD3d at 776). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.