McCarthy, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 11, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
After being released from state prison, defendant broke into his former girlfriend’s house, entered her bedroom and punched her new boyfriend in the face. As a result, defendant was charged by indictment with burglary in the first degree and assault in the third degree. Following the former girlfriend’s direct testimony at trial, defendant pleaded guilty to burglary in the first degree in satisfaction of the indictment and in exchange for the People’s recommendation of an eight-year prison sentence. Despite the People making that recommendation, County Court sentenced defendant to 16 years in prison, followed by five years of postrelease supervision. Defendant appeals.
We reject defendant’s assertion that County Court lacked jurisdiction, as the record indicates that an indictment was filed well before he entered his plea. By pleading guilty, defendant forfeited review of his arguments that County Court should have redacted certain language from one of his statements and that the court erred in its Ventimiglia ruling (see People v Johnson, 104 AD3d 705, 706 [2013]; People v Gerber, 182 AD2d 252, 259-261 [1992], lv denied 80 NY2d 1026 [1992]; People v Winchenbaugh, 120 AD2d 811, 813 [1986]; see also People v Taylor, 65 NY2d 1, 5 [1985]). Given defendant’s criminal history, his refusal to accept responsibility, and his commission of this crime within hours of being released from prison and in violation of a parole condition that he not go near his former girlfriend’s home, we cannot find that the sentence imposed was harsh or excessive.
Peters, PJ., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.