Stein, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered June 13, 2012, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and assault in the first degree.
Defendant pleaded guilty to burglary in the first degree and assault in the first degree in full satisfaction of a pending indictment, and further waived his right to appeal. County Court agreed to sentence defendant, as a second felony offender, to concurrent prison terms of 12 years to be followed by five years of postrelease supervision. The sentence was in fact imposed, and defendant now appeals.
*1035 Defendant first challenges the validity of his appeal waiver and, “[c]ontrary to the People’s assertion, defendant was not required to move to withdraw his plea or vacate the judgment of conviction in order to preserve” that challenge (People v Crump, 107 AD3d 1046, 1046 [2013], lv denied 21 NY3d 1014 [2013]). County Court failed to meet its obligation to ensure that defendant understood that his appeal waiver encompassed a right “separate and distinct from those . . . automatically forfeited upon a plea of guilty” (People v Lopez, 6 NY3d 248, 256 [2006]; accord People v Bradshaw, 18 NY3d 257, 264 [2011]). Moreover, while defense counsel indicated during the plea colloquy that he had discussed the written waiver with defendant, the record reveals no attempt by the court to confirm that defendant “grasped the concept of the appeal waiver and the nature of the right he was forgoing” upon the record (People v Bradshaw, 18 NY3d at 267). We accordingly agree with defendant that his appeal waiver was invalid (see People v Bradshaw, 18 NY3d at 267; People v Bouton, 107 AD3d 1035, 1036 [2013], lv denied 21 NY3d 1072 [2013]).
Defendant’s further argument that his negotiated sentence was harsh and excessive is thus properly before us; nevertheless, we reject it. The charges here stemmed from an incident wherein defendant, seeking to recover marihuana he believed the victim had stolen from him, entered the victim’s residence with three other individuals and savagely attacked him with a baseball bat. Given the vicious nature of the present offense, as well as defendant’s lengthy and violent criminal history, we perceive no abuse of discretion or extraordinary circumstances that would warrant a reduction of the sentence imposed (see People v Girard, 111 AD3d 1153, 1153 [2013]; People v Manley, 101 AD3d 1270, 1271 [2012]).
Peters, PJ., Garry, Egan Jr. and Clark, JJ., concur.
Ordered that the judgment is affirmed.