THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL LEGETTE, Appellant. [2 NYS3d 614]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered November 7, 2012, convicting him of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, reckless endangerment in the second degree, endangering the welfare of a child, resisting arrest, and assault in the third degree (three counts), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Alan F. Katz for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Judah Maltz, 125-10 Queens Boulevard, Suite 12, Kew Gardens, N.Y., 11415, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the People shall serve and file their brief within 30 days after the brief on behalf of the appellant is served and filed. By decision and order on motion of this Court dated February 25, 2013, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]), is deficient because it does not adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Sanders*, 91 AD3d 798, 799 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *People v Barger*, 72 AD3d 696, 697 [2010]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), we must assign new counsel to represent the appellant (*see People v*

*Sanders*, 91 AD3d at 799; *People v Foster*, 90 AD3d 1070, 1071 [2011]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Supreme Court properly imposed restitution where the plea minutes do not indicate that a plea of guilty was negotiated with terms that included restitution as a component of the sentence (*see People v Pettress*, 109 AD3d 555, 556 [2013]; *People v Poznanski*, 105 AD3d 775, 776 [2013]; *People v Suarez*, 103 AD3d 673 [2013]), and whether the Supreme Court erred in failing to conduct a hearing on the issue of restitution (*see People v Ward*, 103 AD3d 925, 926 [2013]; *People v Rodriguez*, 73 AD3d 815, 817 [2010]; *People v Myron*, 28 AD3d 681, 683 [2006]). Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.