■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATHER MOLINARO, Appellant. [5 NYS3d 238]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Iliou, J.), rendered July 23, 2013, convicting her of burglary in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed and the restitution judgment orders dated July 23, 2013; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

The defendant pleaded guilty in exchange for an unequivocal promise that she would be sentenced to a specified determinate prison term and a specified period of postrelease supervision. At sentencing, the County Court imposed the agreed-upon term of imprisonment and period of postrelease supervision, but also signed 10 separate restitution judgment orders.

Although a court is free to reserve the right to order restitution as part of a plea agreement, the County Court did not do so here. Instead, at the very end of the sentencing proceeding, after imposing the agreed-upon terms, the court briefly turned to other matters prior to stating that it was also signing restitution judgment orders.

The defendant contends, among other things, that, before adding restitution to the sentence, the County Court should first have given her the option to withdraw her plea of guilty or to accept a sentence including restitution. Preliminarily, we note that, in light of the fact that the court did not give the defendant a sufficient opportunity to withdraw her plea of guilty before imposing restitution, the defendant's claim is not subject to the preservation requirement (*see People v Turner*, 24 NY3d

254 [2014]). Moreover, we agree with the defendant that the County Court erred (*see People v Pettress*, 109 AD3d 555, 555-556 [2013]; *People v Poznanski*, 105 AD3d 775, 776 [2013]). Accordingly, we vacate the sentence imposed and the restitution judgment orders, and remit the matter to the County Court. Upon remittal, the court should consider whether to impose the sentence called for in the plea agreement. If the court decides not to impose that sentence, then it must give the defendant an opportunity to withdraw her plea of guilty or to accept a sentence including restitution. In the event that the defendant chooses to accept a sentence which includes restitution, the court must first hold a hearing to determine a proper amount of restitution (*see People v Rhodes*, 91 AD3d 1280, 1281 [2012]; *People v Robinson*, 21 AD3d 1356, 1357 [2005]; *People v Cooke*, 21 AD3d 1339, 1339 [2005]).

In light of our determination, the parties' remaining contentions are academic at this time, and we do not address them. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.