■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL LEGETTE, Appellant. [14 NYS3d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered November 7, 2012, convicting him of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs in violation of Vehicle and Traffic Law § 1192 (4-a), reckless endangerment in the second degree, endangering the welfare of a child, resisting arrest, and assault in the third degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered based on the failure to inform him, at the plea proceeding, that his sentence would include restitution and a fine. Preliminarily, we note that these contentions survive the defendant's otherwise valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Niedwieski*, 100 AD3d 1023 [2012]; *People v Isaacs*, 71 AD3d 1161 [2010]), and are not subject to the preservation requirement since the Supreme Court did not give the defend-

ant a sufficient opportunity to withdraw his plea of guilty before imposing restitution and a fine (*see People v Turner*, 24 NY3d 254, 259 [2014]; *People v Molinaro*, 126 AD3d 726 [2015]). In addition, the defendant specifically objected to the amount of restitution and the court refused to conduct a restitution hearing.

The Supreme Court erred in enhancing the defendant's sentence with restitution and a fine that were not part of his negotiated plea agreement (*see People v Pettress*, 109 AD3d 555, 556 [2013]; *People v Poznanski*, 105 AD3d 775, 776 [2013]; *People v Rossetti*, 55 AD3d 637 [2008]). Accordingly, we vacate the sentence imposed, and remit the matter to the Supreme Court. Upon remittal, the court should consider whether to impose the sentence called for in the plea agreement (*see People v Molinaro*, 126 AD3d at 727; *People v Rossetti*, 55 AD3d 637 [2008]). If the court decides not to impose that sentence, then it must give the defendant an opportunity either to withdraw his plea of guilty or to accept a sentence including restitution and a fine (*see People v Molinaro*, 126 AD3d at 727; *People v Patterson*, 123 AD3d 946 [2014]; *People v Fulton*, 238 AD2d 439, 440 [1997]). In the event that the defendant chooses to accept a sentence which includes restitution, the court must first hold a hearing to determine the proper amount of restitution (*see* Penal Law § 60.27 [2]; *People v Morrishill*, 127 AD3d 993 [2015]; *People v Molinaro*, 126 AD3d at 727; *People v Ward*, 103 AD3d 925, 926 [2013]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.