[18 NYS3d 430]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN SIRICO, Appellant.

Second Department, October 28, 2015

**APPEARANCES OF COUNSEL**

*Richard L. Herzfeld*, New York City, for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Edward A. Bannan* of counsel), for respondent.

**OPINION OF THE COURT**

LEVENTHAL, J.

The main issue on this appeal is whether, following a plea of guilty, the defendant forfeited his claim that the County Court erred in determining that the People could introduce evidence at trial that he refused a chemical test pursuant to Vehicle and Traffic Law § 1194 (2) (f). For the reasons discussed below, we answer this question in the affirmative.

On the afternoon of November 10, 2008, the defendant was driving north on Stony Brook Road in Suffolk County when he was involved in a three-car collision. The defendant was arrested at the accident scene and transported to a nearby hospital, where he refused to submit to a chemical test to determine the alcohol and drug content of his blood. He was subsequently charged with driving while ability impaired by drugs in violation of Vehicle and Traffic Law § 1192 (4) and aggravated unlicensed operation of a motor vehicle in the first degree (three counts) in violation of Vehicle and Traffic Law § 511 (3) (a). The defendant then moved to preclude evidence of his refusal to submit to a chemical test, contending, inter alia, that he was physically unable to refuse to undergo the test because of his condition after the accident. Following a pretrial hearing conducted in August 2009, the County Court ruled that the People would be permitted to introduce evidence at trial that the defendant refused to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194 (2) (f). The court found that the defendant received clear and unequivocal warnings regarding the ramifications of a refusal to submit to a

chemical test and that the defendant, by his conduct, persisted in his refusal.

Thereafter, the defendant agreed to plead guilty to driving while ability impaired by drugs and aggravated unlicensed operation of a motor vehicle in the first degree (three counts) in exchange for concurrent indeterminate sentences of 1 to 3 years of imprisonment. During the course of the plea proceeding, the defendant admitted that he drove his motor vehicle while under the influence of Oxycodone, and that while impaired, he was involved in a motor vehicle accident. He also admitted that he had been afforded an opportunity to take a blood test but had refused to do so. On February 14, 2012, the County Court sentenced the defendant to an indeterminate term of imprisonment of 1 to 3 years on each conviction, to be served concurrently, in accordance with the plea agreement. Addressing the issue of restitution for the first time, the court stated, "[t]here's a restitution judgment order in the amount of $500 that the Court has executed." The court further imposed a $500 fine with respect to each count of aggravated unlicensed operation of a motor vehicle in the first degree pursuant to Vehicle and Traffic Law § 511 (3) (a).

On appeal, the defendant initially contends that his plea was not knowing, voluntary, and intelligent because the County Court failed to sufficiently advise him of the constitutional rights he was waiving by pleading guilty. However, this contention is unpreserved for appellate review, because the defendant did not move to vacate his plea or otherwise raise the issue in the County Court (*see* CPL 220.60 [3]; *People v Peque*, 22 NY3d 168, 182 [2013]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Jackson*, 114 AD3d 807 [2014]; *People v Ovalle*, 112 AD3d 971 [2013]; *People v Devodier*, 102 AD3d 884 [2013]; *cf. People v Tyrell*, 22 NY3d 359 [2013]). In any event, this contention is without merit. The court adequately advised the defendant of certain constitutional rights he was surrendering by pleading guilty (*see Boykin v Alabama*, 395 US 238, 243 [1969]), and the record affirmatively demonstrates the defendant's understanding and waiver of these constitutional rights, and the entry of a knowing, voluntary, and intelligent plea of guilty (*see People v Harris*, 61 NY2d 9, 19-20 [1983]; *People v Isaiah S.*, 130 AD3d 1081 [2015]; *People v Jackson*, 114 AD3d at 807-808; *cf. People v Tyrell*, 22 NY3d 359 [2013]).

The defendant further contends that the evidence presented at the refusal hearing did not demonstrate that he willfully

refused to submit to a chemical test to determine the alcohol and drug content of his blood, and that the County Court thus erred in ruling that the People would be permitted to introduce evidence of his refusal at trial. Vehicle and Traffic Law § 1194 provides that any person who operates a motor vehicle in the state shall be deemed to have given consent to a chemical test of breath, blood, urine, or saliva, for the purpose of determining the alcohol and/or drug content of the blood (*see* Vehicle and Traffic Law § 1194 [2] [a]). Vehicle and Traffic Law § 1194 also grants a motorist a qualified right to decline to voluntarily take a chemical test with the understanding that such a refusal will result in the immediate suspension and ultimate revocation of the motorist's driver license for a period of one year (*see People v Smith*, 18 NY3d 544, 548 [2012]). The statute further provides that where a motorist refuses to undergo a chemical test, evidence of such refusal "shall be admissible in any trial, proceeding or hearing" based upon a violation of Vehicle and Traffic Law § 1192, "but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal" (Vehicle and Traffic Law § 1194 [2] [f]; *see Matter of Gargano v New York State Dept. of Motor Vehs.*, 118 AD2d 859, 860 [1986]). Evidence of a motorist's refusal to submit to a chemical test is relevant to the issue of consciousness of guilt (*see People v Thomas*, 46 NY2d 100, 106 [1978]; *People v Anderson*, 89 AD3d 1161, 1162 [2011]).

 The People respond that by pleading guilty, the defendant forfeited his right to challenge the propriety of the County Court's pretrial ruling to admit evidence of the defendant's refusal to submit to a chemical test. We agree.

The Court of Appeals has repeatedly observed that "a plea of guilty generally 'marks the end of a criminal case, not a gateway to further litigation' " (*People v Pacherille*, 25 NY3d 1021, 1022-1023 [2015], quoting *People v Taylor*, 65 NY2d 1, 5 [1985]; *see People v Hansen*, 95 NY2d 227, 230 [2000]). A guilty plea signals the defendant's intention not to litigate the issue of his or her guilt, "and necessarily involves the surrender of certain constitutional rights, including the right to confrontation, the privilege against self incrimination and the right to trial by jury" (*People v Taylor*, 65 NY2d at 5 [internal quotation marks omitted]). A guilty plea not only encompasses a waiver of the specific rights attached to a trial, but also "effects a forfeiture of the right to renew many arguments made before

the plea" (*id.*; *see People v Hansen*, 95 NY2d at 230). "This is so because a defendant's 'conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial' " (*People v Hansen*, 95 NY2d at 230, quoting *People v Di Raffaele*, 55 NY2d 234, 240 [1982]). The forfeiture occasioned by a guilty plea extends to a variety of claims, including those premised upon a failure to provide CPL 710.30 notice (*see People v Taylor*, 65 NY2d at 7; *People v King*, 110 AD3d 1005 [2013]), the statutory right to a speedy trial (*see People v O'Brien*, 56 NY2d 1009 [1982]; *People v Briggs*, 123 AD3d 1051 [2014]), the exercise of alleged discriminatory peremptory challenges (*see People v Green*, 75 NY2d 902 [1990]; *People v Collins*, 280 AD2d 486 [2001]), and adverse rulings on *Sandoval* and *Ventimiglia / Molineux* applications (*see People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Sandoval*, 34 NY2d 371 [1974]; *People v Molineux*, 168 NY 264 [1901]; *People v Johnson*, 104 AD3d 705, 706 [2013]; *People v Gerber*, 182 AD2d 252, 260 [1992]).

However, not every claim is forfeited by a guilty plea. The issues that survive a valid guilty plea generally relate either to jurisdictional matters, such as an insufficient accusatory instrument, or to rights of a constitutional dimension that go to the heart of the criminal justice process (*see People v Griffin*, 20 NY3d 626, 630 [2013]; *People v Hansen*, 95 NY2d at 230; *People v Taylor*, 65 NY2d at 5; *People v Di Raffaele*, 55 NY2d at 240). "The critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not" (*People v Hansen*, 95 NY2d at 231). Examples of rights of constitutional dimension which are not forfeited by a guilty plea include the constitutional right to a speedy trial, the protection against double jeopardy, and the competency of the defendant to stand trial (*see People v Parilla*, 8 NY3d 654, 659 [2007]; *People v Hansen*, 95 NY2d at 230).

Among the limited group of issues that survive a valid guilty plea and may be raised on a subsequent appeal are those relating to the denial of a motion to suppress evidence under CPL 710.20 (*see People v Taylor*, 65 NY2d at 6; *People v Gerber*, 182 AD2d at 261). The legislature has preserved such claims for appellate review through the enactment of CPL 710.70 (2) (*see People v Taylor*, 65 NY2d at 5). CPL 710.70 (2) expressly grants

a defendant a statutory right to appellate review of an order denying a motion to suppress evidence "notwithstanding the fact" that the judgment of conviction "is entered upon a plea of guilty." However, the statutory right to appellate review created by CPL 710.70 (2) applies to orders which deny a motion to suppress evidence on the grounds enumerated by CPL 710.20 (*see People v Gerber*, 182 AD2d at 265). Although CPL 710.20 (5) authorizes a defendant to move to suppress evidence of "a chemical test of the defendant's blood administered in violation of the provisions" of Vehicle and Traffic Law § 1194 (3) or "any other applicable law," that provision is not implicated here. In this case, the defendant did not move to suppress the results of a chemical test of his blood. Indeed, the police did not perform a chemical test upon the defendant. Rather, he moved to preclude the People from admitting testimony of his refusal to submit to a chemical test. Such a motion cannot be characterized as one seeking suppression under CPL 710.20 (5). Accordingly, the defendant does not have a statutory right to appellate review of the County Court's ruling permitting the introduction of evidence of his refusal to submit to a chemical test.

Nor is the defendant's claim that the County Court erred in ruling that the People would be permitted to introduce evidence at trial of his refusal to submit to a chemical test a claim of constitutional dimension, or one that bears upon the integrity of the judicial process. Rather, the court's determination relates to an evidentiary or technical matter. The defendant's motion to preclude evidence of his refusal to submit to a chemical test was predicated upon his claim that the evidence was not admissible pursuant to Vehicle and Traffic Law § 1194 (2) (f), rather than upon a claim that evidence was obtained in violation of his constitutional rights. Moreover, the admission of such evidence at trial merely allows a jury to draw an inference of a defendant's consciousness of guilt (*see People v Thomas*, 46 NY2d at 106). The County Court's determination at issue is akin to a *Ventimiglia/Molineux* ruling, a *Sandoval* ruling, and other pretrial rulings that decide motions in limine and which are generally forfeited by virtue of a plea of guilty (*see e.g. People v Girard*, 111 AD3d 1153, 1154 [2013]; *People v Johnson*, 104 AD3d 705, 706 [2013]).

Therefore, we hold that by pleading guilty, the defendant forfeited appellate review of his claim that the County Court erred in ruling that the People would be permitted to introduce

evidence at trial that he refused a chemical test pursuant to Vehicle and Traffic Law § 1194 (2) (f).

The defendant additionally maintains that he was deprived of his constitutional right to effective assistance of counsel at the refusal hearing because his attorney failed to submit into evidence hospital records which allegedly would have demonstrated that he was unconscious when the arresting officer sought his consent to undergo a chemical test. However, this contention is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Addison*, 107 AD3d 730, 732 [2013] [internal quotation marks omitted]; *see People v Maxwell*, 89 AD3d 1108, 1109 [2011]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, contrary to the defendant's contention, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Addison*, 107 AD3d at 732; *People v Maxwell*, 89 AD3d at 1109).

The defendant next asserts that the sentencing court's imposition of restitution was improper because it was not part of the plea agreement, and that before adding restitution to his sentence, the County Court should first have given him the option to withdraw his plea of guilty or accept a sentence including restitution. The People correctly concede that restitution was not part of the plea agreement. Although a court is free to reserve the right to order restitution as part of a plea agreement, the plea minutes in this case do not indicate that the plea of guilty was negotiated with terms that included restitution (*see People v Patterson*, 123 AD3d 946 [2014]; *People v Pettress*, 109 AD3d 555, 555-556 [2013]; *People v Poznanski*, 105 AD3d 775, 776 [2013]; *People v Suarez*, 103 AD3d 673 [2013]; *People v Esquivel*, 100 AD3d 652 [2012]). Accordingly, we vacate the sentence imposed and the restitution judgment order, and remit the matter to the County Court (*see People v Molinaro*, 126 AD3d 726, 727 [2015]). Upon remittal, the court should consider whether to impose the sentence called for in the plea agreement. If the court decides not to impose the sentence, then it must give the defendant an opportunity to withdraw his plea of guilty or to accept the enhanced sentence that includes both restitution and a prison sentence (*see People v Patterson*, 123 AD3d 946; *People v Pettress*, 109 AD3d at 556).

Lastly, the defendant argues that the sentencing court erred in levying three $500 separate fines for each count of ag-

gravated unlicensed operation in the first degree. The defendant pleaded guilty to, inter alia, a violation of Vehicle and Traffic Law § 511 (3) (three counts). A class E felony, Vehicle and Traffic Law § 511 (3) provides that when a person is convicted of this offense

> "the sentence of the court must be: (i) a fine in an amount not less than five hundred dollars nor more than five thousand dollars; and (ii) a term of imprisonment as provided in the penal law, or (iii) where appropriate and a term of imprisonment is not required by the penal law, a sentence of probation as provided in subdivision six of this section, or (iv) a term of imprisonment as a condition of a sentence of probation as provided in the penal law" (Vehicle and Traffic Law § 511 [3] [b]).

Thus, where, as here, the court sentences a defendant to a period of incarceration for unlicensed operation of a motor vehicle in the first degree, it must also impose a mandatory fine of at least $500 (*see* Vehicle and Traffic Law § 511 [3] [b] [i]; *see also People v Barber*, 31 AD3d 1145 [2006]). Since the defendant was sentenced on three counts of unlicensed operation of a motor vehicle in the first degree, the County Court's imposition of fines in the total sum of $1,500 was proper. Contrary to the defendant's contention, Penal Law § 80.15, which restricts the imposition of multiple fines for multiple offenses, is inapplicable to any offense or offenses set forth in the Vehicle and Traffic Law (*see* Penal Law § 80.15).

Accordingly, the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

Balkin, J.P., Hinds-Radix and LaSalle, JJ., concur.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed and the restitution judgment order dated February 14, 2012; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.