People v Patel (2019 NY Slip Op 01240)





People v Patel


2019 NY Slip Op 01240


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-04182
 (Ind. No. 1789/13)

[*1]The People of the State of New York, respondent,
v
Amit P. Patel, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon and Kendra L. Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen Knopf, J.), rendered April 20, 2015, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), aggravated unlicensed operation of a motor vehicle in the second degree, and operating or driving a motor vehicle without a license, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress evidence of his refusal to submit to a chemical breath test.
ORDERED that the judgment is affirmed.
The defendant was convicted of, inter alia, driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), based on an incident which occurred on June 16, 2013. We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress evidence of his refusal to submit to a chemical breath test. Vehicle and Traffic Law § 1194(2)(a) provides that any person who operates a motor vehicle in New York State shall be deemed to have given consent to a chemical test of breath, blood, urine, or saliva, for the purpose of determining the alcohol and/or drug content of the motorist's blood. Vehicle and Traffic Law § 1194 also grants a motorist a qualified right to decline to voluntarily take a chemical test with the understanding that such a refusal will result in the immediate suspension and ultimate revocation of the motorist's driver license for a period of one year (see People v Smith, 18 NY3d 544, 548). The statute further provides that, where a motorist refuses to undergo a chemical test, evidence of such refusal "shall be admissible in any trial, proceeding or hearing" based upon a violation of Vehicle and Traffic Law § 1192, "but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal" (Vehicle and Traffic Law § 1194[2][f]; see People v Sirico, 135 AD3d 19, 22-23; Matter of Gargano v New York State Dept. of Motor Vehs., 118 AD2d 859, 860). Here, the defendant was given sufficient warning and he persistently refused to take a chemical breath test.
Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v [*2]Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court